IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES G. MALLORY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05-0473 |
| ) | Judge Trauger |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") has filed a Motion to Dismiss pursuant to Rule 12(b)(1) and (5), FED. R. CRIM. P., (Docket No. 11), to which the plaintiff has responded (Docket No. 13).

Metro argues first that the plaintiff's claims for discrimination on the basis of race and color under Title VII should be dismissed for failure to exhaust administrative remedies. The plaintiff does not allege, in response, that he did raise race and color discrimination in his EEOC charge, and it is evident from the charge that he did not allege race and color discrimination. His charge alleged only age and disability discrimination, and allegations of race and color discrimination do not meet the "expected scope of investigation test." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). The plaintiff's claims of race and color discrimination, therefore, will be dismissed without prejudice for failure to exhaust administrative remedies before the EEOC on those claims. Despite the fact that his *pro se* Complaint (Docket No. 1) only clearly alleges disability discrimination, the plaintiff did attach his EEOC charge to the Complaint, and

1

the court will liberally construe these allegations of this *pro se* plaintiff as including an allegation of age discrimination as well.

The second ground for the Motion to Dismiss is based on Rule 4(m), FED. R. CIV. P., which requires the service of a complaint within 120 days of filing. By implication, this court's Order of January 18, 2006 granted an extension for service to the plaintiff (Docket No. 7), even though the plaintiff had given no cause for failure to serve process other than the fact of his being *pro se* in this case. However, there is authority for the court's discretion to extend the time for service, even without a showing of good cause, where dismissal would result in the action being barred by the applicable statute of limitations. Federal Rule of Civil Procedure 4(m), Advisory Committee Notes, 1993 Amendments; *Moore's Federal Practice 3d*, § 4.83. That certainly would be the case here, and the court, therefore, explicitly herein extends the time for service of the Complaint and denies dismissal on that ground.

For the reasons expressed herein, defendant Metro's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART.** The plaintiff's claims of race and color discrimination are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies before the EEOC. The motion is **DENIED** with regard to the plaintiff's claims of age and disability discrimination and for failure to serve the complaint within 120 days.

It is so **ORDERED.**

Enter this 14th day of March 2006.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ALETA A. TRAUGER
U.S. District Judge